# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ALANDRIS D. GRIFFIN,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )          CV422-268
                                    )
ANGELA M. PHILIPS, and              )
JOSEPH M. WYLIE, JR.,               )
                                    )
            Defendant.              )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Alandris D. Griffin has moved for an entry of default against the defendants in this case. *See* doc. 10. Her motion asserts that "defendant Angela M. Philips was served with a summons and a copy of plaintiff's complaint by certified mail . . . ,"[1] and "defendant Jospeh [sic] M. Wylie, Jr. was served with a summons and a copy of plaintiff's complaint by certified mail . . . ." *Id.* at 2. Neither defendant has filed any responsive pleading. *See generally* docket. Griffin has also sent correspondence to the Clerk of Court objecting to the referral of her

---

[1] The Court notes that defendant Philips' name is not spelled consistently. It is spelled "Philips," with one "l" in the Complaint. *See* doc. 1 at 2. It is spelled the same way in Plaintiff's Motion. *See* doc. 10 at 2. The return receipts, discussed below, list the addressee as "Angela M. Phillips," with two "l"s. *See id.* at 8. Since it is clear that service was ineffective, notwithstanding any mistaken address, the Court merely notes the inconsistency.

motion to the undersigned.  *See* doc. 11.  Although the entry of default is often a ministerial act, Griffin is mistaken about her entitlement to an entry of default, as discussed more fully below.  Accordingly, her Motion is **DENIED** without prejudice.  Doc. 10.  She has also filed a Motion for Leave to File an Affidavit and a Memorandum, discussed below.  Docs. 12 & 13.

## I.     Motion for Entry of Default (Doc. 10)

The Federal Rules of Civil Procedure require a plaintiff seeking a default judgment to follow a two-step process.  *See* Fed. R. Civ. P. 55.  The first step in that process is to seek an entry of default.  *See* Fed. R. Civ. P. 55(a).  Entry of default is warranted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  *Id.*  As a prominent treatise explains: "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."  10A Fed. Prac. & Proc. § 2682 (4th ed. Apr. 2022).  As this Court has explained, "[a] defendant's obligation to respond does not arise . . . until he has been served with the

summons and complaint or has waived service." *Carswell v. Whittle*, 2012 WL 6084649, at*1 (S.D. Ga. Oct. 24, 2012). It is, therefore, clear that entry of default is only proper against a defendant who has been properly served. *Id.* (citing, *inter alia.*, *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("[W]here, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper.")). The Court, therefore, proceeds to consider whether defendants have been properly served.

The Federal Rules of Civil Procedure do not authorize service upon individual defendants by certified mail. *See* Fed. R. Civ. P. 4(e); *see also, e.g., Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) ("Service by certified mail generally does not constitute 'delivery' under subsections of Rule 4," and collecting cases). Rule 4(e)(1) does, however, permit plaintiffs to effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." *Id.* Plaintiff's

filings indicate that process was sent to each defendant at multiple addresses in South Carolina and Florida. *See* doc. 10 at 18. Thus, service by certified mail could be effective if authorized under the laws of South Carolina, Florida, or Georgia.

The United States District Court for the District of South Carolina has recently discussed the requirements for service of process by certified mail under South Carolina law. *See, e.g., Lane v. Renior-Large*, 2022 WL 2919445, at *2 (D.S.C. June 17, 2022). "The South Carolina Rules of Civil Procedure allows an individual to be served by certified mail as follows: Service of a summons and complaint upon a defendant . . . may be made by the plaintiff or by any person authorized to service process pursuant to Rule 4(c), including a sheriff or his deputy, *by registered or certified mail, return receipt requested and delivery restricted to the addressee . . . .*" *Id.* (emphasis in original) (quoting S.C.R.P. 4(d)(8)). There is no indication in any of Plaintiff's filings that delivery was restricted to the addressees. *See* doc. 10 at 2, 6-8, 10-12.[2] The *Lane* court found that,

---

[2] The return receipts submitted indicate that at least some of the mailings were accepted by individuals other than the addressees. The receipts addressed to Angela M. Phillips and Joseph M. Wylie, Jr., in Catawba, South Carolina, were signed by a third party. *See* doc. 10 at 8, 12. Although the server's affidavit indicates that process was sent to an address in Travelers Rest, South Carolina, no return receipt has been provided. *See* doc. 10 at 15.

where the plaintiff's "certified mail receipt does not indicate . . . delivery was restricted to the addressee[,] . . . Plaintiff has not carried her burden to show that service of process was correctly made on these Defendants." 2022 WL 2919445, at *2.

Neither Florida nor Georgia permit service only by certified mail. "[T]he Florida Rules general permit service of process by certified mail only if the defendant agrees to waive personal service." *Dixon v. Blanc*, 796 F. App'x 684, 688 (11th Cir. 2020) (citing, *inter alia.*, Fla. R. Civ. P. 1.070(i); *Trasp. & Gen. Ins. Co. v. Receiverships of Ins. Exch.*, 576 So. 2d 1351, 1352 (Fla. Dist. App. 1991)); *see also David v. David-Crouch*, 2020 WL 10320976, at *2 (M.D. Fla. Sept. 29, 2020) (denying clerk's entry of default where "the record establishes only that Plaintiff attempted to serve each defendant using certified mail.").[3]   As this Court has explained, under Georgia law, "it is clear that sending a complaint and summons by registered or certified mail, without more, does not

---

[3]   The certified mail return receipts do not clearly indicate that any defendant received the mailings.  As discussed above, the return receipts for the mailings sent to both defendants in South Carolina were signed by a third party. *See* doc. 10 at 8, 12.  The receipts for the mailings sent to both defendants in Florida are not clearly legible, but *might* have been signed by defendant Angela Philips. *See id.* at 8 (listing recipient's first name as "Angela," but the last name is illegible. *Id.*  Since Florida does not permit service by certified mail, whether or not Philips received the process in Florida, service was not proper.

constitute proper service on an individual." *Jolley v. Donovan*, 2011 WL 6400306, at *3 (S.D. Ga. Dec. 19, 2011) (citing O.C.G.A. § 9-11-4); *see also, e.g., Wright v. Walmart Incorporation*, 2020 WL 4938367, at *7 (N.D. Ga. Apr. 1, 2020).

Since it does not appear that Griffin has properly served either defendant under federal, South Carolina, Florida, or Georgia law, the record fails to show that either defendant "failed to plead or otherwise defend . . . ." *See* Fed. R. Civ. P. 55(a).  Plaintiff is, therefore, not entitled to entry of default.  *See, e.g., David v. Kentucky Child Support Agency*, 2021 WL 2407978, at *1 (M.D. Fla. Apr. 2, 2021) ("It is the plaintiff's burden to establish effective service of process," for purposes of Rule 55(a)).  Her Motion is **DENIED**.  Doc. 10.  The Federal Rules require that defendants be served "within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  Since the Plaintiff's ninety-day deadline has not expired, she may still properly serve defendants or provide further proof establishing that her prior efforts to serve were effective.  She is, therefore, free to renew her request for entry of default if she believes she can make the proper showing.

## II.    Motion for Leave to File Affidavit (Doc. 12)

Griffin's most-recent filings are not entirely clear.  As discussed above, Griffin's letter to the Clerk expressly objected to the Clerk's characterization of her Motion as a motion for default judgment.  *See* doc. 11 at 1.  Her request for leave to file an affidavit and "memorandum," however, expressly seek "entry of default judgment."  *See* doc. 12 at 1; doc. 13 at 1 ("Plaintiff asks the Court to enter a default judgment against defendants, as authorized by Federal Rule of Civil Procedure 55).  The affidavit she seeks to file includes allegations that are substantially similar to those contained in her original Complaint.  *Compare* doc. 1, *with* doc. 12.  To the extent that she seeks leave to file the affidavit "in support of entry of default judgment . . . ," it is not clear that she requires the Court's leave.  To the extent that she does, however, her Motion is **GRANTED**.  Doc. 12.  The Court has considered her Affidavit in its consideration of her other filings.  However, for reasons explained below, she is not entitled to the relief sought at this stage in the proceedings.

## III.   Memorandum (Doc. 13)

Although it is captioned as a "memorandum," Griffin's filing clearly requests relief.  *See, e.g.,* doc. 13 at 21.  Therefore, the Clerk is

7

**DIRECTED** to construe Griffin's "memorandum," as a Motion for Default Judgment or, in the alternative, for a Preliminary or Permanent Injunction. Doc. 13; *see also, e.g., Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). For the reasons explained below, whether it seeks a default judgment or preliminary injunctive relief, Griffin's Motion should be **DENIED**. Doc. 13.

A. Default Judgment

To the extent that Griffin requests entry of a default judgment, pursuant to Rule 55(b)(2), the fact that she has not proven service upon either defendant, as discussed above, is fatal. *See, e.g., Zaldivar v. D. Ray James Corr. Facility*, 2020 WL 8254491, at *3 (S.D. Ga. Dec. 31, 2020) ("A default judgment is not warranted because Defendants have not been served, and it is impossible that Defendants 'failed to plead or otherwise defend' themselves." (citations omitted)). Her request for a default judgment should, therefore, be **DENIED**. Doc. 13, in part.

B. Preliminary Injunction

Griffin's Complaint requested "a preliminary injunction, then permanent injunction to estop defendants from seeking an illusory or unlawful custody or possession order and enjoin others that may be unlawfully involved without their knowledge" related to certain allegations. *See* doc. 1 at 31. Her Complaint is clear that the preliminary injunction she seeks is limited to a grant of custody of the minor child, fathered by defendant Wylie. *See* doc. 1 at 5, 8; *see also* doc. 12 at 3. Her "memorandum" requests "a preliminary, or alternatively a permanent injunction for the return of her young two-year-old child." Doc. 13 at 21.

A preliminary injunction can only be issued if notice has been provided to the adverse party, although service is not required. Fed. R. Civ. P. 65(a)(1); *see, e.g., Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008) ("Rule 65 of the Federal Rules of Civil Procedure . . . only requires that a party have *notice* of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order." (citation omitted)). As relevant here, "[t]he sufficiency of notice prior to the issuance of a preliminary

injunction is a matter left within the discretion of the trial court." *United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986).

Substantively, "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites"; namely (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[G]ranting or denying a . . . preliminary injunction rests within the discretion of the district court." *Hernandez v. Inch*, 2021 WL 5361086, at *1 (N.D. Fla. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (1997)).

There are at least two reasons why the preliminary relief that Griffin seeks should not be granted at this time.  First, and most importantly, it is dubious whether this Court has subject-matter jurisdiction over a child-custody dispute.  *See, e.g., Ankenbrandt v.*

*Richards*, 504 U.S. 689, 703 (1992) ("We conclude . . . that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also, e.g, Ingram v. Hayes*, 866 F.2d 368, 369 (1988) ("[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.").  Second, as discussed above, it is not clear that any defendant has notice of her request.[4]  Given those two issues, the request for a preliminary injunction should be **DENIED without prejudice**.  Doc 13, in part.

In summary, Griffin's Motion for Entry of Default is **DENIED**.  Doc. 13.  Griffin is free to renew her request for an entry of default, pursuant to Federal Rule of Civil Procedure 55(a), if and when she can establish effective service upon any defendant.  Her Motion for Leave to File Affidavit is **GRANTED**.  Doc. 12.  The Court construes Griffin's "memorandum" as a Motion for Default Judgment or, in the alternative,

---

[4] The "memorandum" includes a certificate of service that states that it was mailed to addresses in Miami, Florida and Catawba, South Carolina, as well as emailed to addresses that appear to be defendants'. *See* doc. 13 at 22.  However, in the absence of any assurance that any of those mailings reached any defendant, they do not provide any greater assurance of notice to the defendants than the mailings discussed above.

for Preliminary Injunction.  Doc. 13.  So construed, it should be **DENIED**.
Doc. 13.

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and
this Court's Local Rule 72.3.  Within 14 days of service, any party may
file written objections to this R&R with the Court and serve a copy on all
parties.  The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations."  Any request for additional time
to file objections should be filed with the Clerk for consideration by the
assigned district judge.

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge.  The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are
advised that failure to timely file objections will result in the waiver of
rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 21st day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA