IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALANDRIS D. GRIFFIN,<br><br>      Plaintiff,<br><br>   v.<br><br>ANGELA M. PHILIPS, and JOSEPH M. WYLIE, JR.,<br><br>      Defendants. | CIVIL ACTION NO.: 4:22-cv-268 |

**O R D E R**

*Pro se* plaintiff Alandris D. Griffin has filed this case alleging various contract and tort claims against the defendants related to a custody dispute concerning her child with defendant Wylie.  (See doc. 1, pp. 1, 8-9.)  She also seeks injunctive relief related to the custody of their minor child.  (Id., pp. 5-9.)  She has filed a motion concerning defendants' alleged default, (doc. 13), although the exact procedural posture of that motion is disputed, (see doc. 15, pp. 1-2; see also doc. 16, pp. 1-2.)  The Magistrate Judge denied her request for entry of default, recommended that any request for default judgment be denied, and recommended denial of her request for a preliminary injunction.  (See doc. 15, pp. 11-12.)  Griffin has objected to the Magistrate Judge's disposition and recommendations, (doc. 16), filed an Amended Complaint, (doc. 17), and two motions related to the injunctive relief she seeks, (docs. 18 & 19).

Griffin first objects to the fact that the Magistrate Judge acted at all.  (Doc. 16, p. 4.)  She contends that his Order and Report and Recommendation "violates the Rules Enabling Act."  (Id. (citing 28 U.S.C. §§ 2071-2077.))  She also argues that instructions concerning the proper title for objections to a report and recommendation amounts to a "willful and reckless statement," which

"provides an intent or willful act to deprive a parson or individual and citizen of the United States and resident of the State of Georgia of her rights to due process and equal protection of laws, guaranteed and secured under the Fifth and Fourteenth Amendments of the United States Constitution . . . ."  (Id.)   Those objections are meritless.

Magistrate judges' authority is established by statute.  See 28 U.S.C. § 636(b)(1). Moreover, the rights of litigants to object to actions taken by a magistrate judge, and their right to a de novo review of those decisions in some instances, is similarly established by statute.  Id. The distribution of judicial responsibilities, subject to those statutory limitations, is not within a plaintiff's purview to dispute.[1]  See, e.g., Foster v. Gloucester Cnty. Bd. of Chosen Freeholders, 465 F. Supp. 293, 296 (D.N.J. 1978) ("[T]he parties to a litigation have no power to interfere with a district judge's statutory authority to delegate various responsibilities to Magistrates . . ."); Contreras v. Davis, 2022 WL 1555363, at *2 (E.D. Cal. May 17, 2022) (same).  The Clerk of Court's referral of matters to the Magistrate Judge merely carries out standing instructions from the undersigned and the other district judges.  The statutory provisions governing review of magistrate judge decisions fully protects litigants' rights and no court has ever suggested that the operation of those provisions violates the Constitution or any other provision of law.  See, e.g., Escudero v. Jordan, 2019 WL 4463265, at * 2 (E.D. Tex. Sept. 18, 2019) ("Referrals to United States Magistrate Judges are authorized by 28 U.S.C. § 636 and are not unconstitutional[,]" and collecting cases).  Griffin's objection that the Magistrate Judge lacks the authority to rule on a request for entry of default is also mistaken.  See, e.g.,;Franklin v. Parnell, 461 F. App'x 823, 825 n. 2 (11th Cir. 2011) ("The magistrate judge had authority to deny [plaintiff's] motion for default judgment.").

---

[1]  The authority that Griffin's objection cites merely recognizes the statutory limits on a magistrate judge's jurisdiction.   (See doc. 16 at 5-6 (citing Beazer East, Inc. v. Mead Corp., 412 F3d. 429, 437 (3d Cir. 2005)).

To the extent that Griffin contends that the Magistrate Judge's order concerning her entry of default should be subject to <u>de novo</u> review, (doc. 16, p. 4), she is incorrect. In response to an objection broadly similar to Griffin's, the Eastern District of California explained that "the magistrate judge's order denying entry of default as to defendant . . . was non-dispositive because it did not dispose of a party's claim or defense. The magistrate judge simply found plaintiff's request for entry of default under Fed. R. Civ. P. 55(a) to be premature." <u>Stephenson v. Lappin</u>, 2007 WL 1577632, at *1 (E.D. Cal. May 31, 2007). As explained more fully below, the Magistrate Judge here did no more, and, in fact, was explicit about Griffin's right to renew her request for entry of default subject to proof of service. (<u>See</u> doc. 15, p. 11 ("Griffin is free to renew her request for an entry of default, pursuant to Federal Rule of Civil Procedure 55(a), if and when she can establish effective service upon any defendant."); <u>see also</u> <u>Stephenson</u>, 2007 WL 1577632, at *1 (affirming magistrate judge's denial of entry of default, noting that the "ruling necessarily implies that plaintiff may attempt, when and if appropriate, for an entry of default . . ."). To the extent, therefore, that Griffin objects to the Magistrate Judge's authority or his denial of her request for entry of default by Order, her Objection is **OVERRULED**. (Doc. 16.)

Griffin's principal objection to the Magistrate Judge's Order and Report and Recommendation concerns his analysis of her efforts to serve defendants. (<u>See generally</u> doc. 16.) A magistrate judge's denial of an entry of default against defendants is non-dispositive, within the meaning of § 636(b), and subject to review for clear error. <u>See, e.g.</u>, <u>Jerome v. Barcelo Crestline, Inc.</u>, 2007 WL 4224782, at *2 (N.D. Ga. Nov. 27, 2007) (reviewing magistrate judge's "decision to deny the motion for default judgment" for clear error, pursuant to 28 U.S.C. § 636(b)(1)(A), because it was not dispositive or potentially dispositive, as a clerk's entry of default had not been entered, [and defendant] had not yet been served . . . ." ). As this Court has

3

explained, "[c]lear error is a highly deferential standard of review." Davidson v. Stephen Nicolou, P.A. 2018 WL 2843429, at *2 (S.D. Ga. June 11, 2018) (Hall, C.J.) (citations omitted). A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted) (quoting Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005)). "A decision by the magistrate judge is contrary to law where it fails to follow or misapplies the applicable law." Id. (internal quotation marks and citations omitted).

The Magistrate Judge's analysis and determination that Griffin's efforts to serve defendants by certified mail were ineffective was not clearly erroneous. Griffin argues that service on defendants was effective because "an individual delivered a summons and a copy of [the] complaint to defendants' usual place of abode and left both with defendant Angela M. Phillips . . . who[ ] is an adult." (Doc. 16, p. 10.) Federal Rule 4(e) governs service upon individuals within the United States. Id. She acknowledges the Magistrate Judge's citation to Thorpe v. Dumas, which expressly recognized the view held by multiple courts of appeals that "[s]ervice by mail generally does not constitute 'delivery' under subsections of Rule 4." 788 F. App'x 644, 648 (11th Cir. 2019). The Magistrate Judge might have cited to the numerous decisions holding that certified mail is not an appropriate method to effect service under Rule 4. See, e.g., Dixon v. Blanc, 796 F. App'x 684, 688 (11th Cir. 2020) ("[T]he Federal Rules . . . generally permit service of process by certified mail only if the defendant agrees to waive personal service."); Craig v. Dennis, 2022 WL 16857055, at *2 (M.D. Ga. Nov. 10, 2022) ("Neither Rule 4 nor Georgia law allows for service to be made by Certified Mail."); Anderson v. City of Prichard, 2022 WL 1281029, at *2 (S.D. Ala. Apr. 13, 2022) ("Because Plaintiff attempted to serve [a defendant] by certified mail, there is no question that he did not perfect service on [that defendant] in accordance

4

with Rule 4(e)(2)."); Swanson v. Georgia, 2022 WL 193726, at *2 (S.D. Ga. Jan. 20, 2022) ("[N]either Rule 4 nor Georgia law allows service by certified mail."); Austin v. Lyft, Inc., 2021 WL 6617452, at *2 (N.D. Cal. Dec. 13, 2021) ("Nor does service by certified mail satisfy Rule 4(e)(2)(B) . . ."); Ingram Barge Co., LLC v. Musgrove, 2019 WL 1226818, at *5 (M.D. Tenn. Mar. 8, 2019) (finding no authority "that would support [plaintiff's] position that [defendant] was properly served under Rule 4(e)(2)(B)" through service by certified mail); Whitney Bank v. Davis-Jeffires-Hunold, Inc., 2012 WL 2808301, at *2 (S.D Ala. July 10, 2012) ("Rule 4(e) of the Federal Rules of Civil Procedure provides for serving an individual within the jurisdiction of the district courts of the United States but does not provide for service by certified mail."). Griffin's reliance on the Supreme Court's opinion in Hanna v. Plumer [2] might suggests an argument that a defendant's "actual notice" of a suit is sufficient. (Doc. 16, p. 9 (citing 380 U.S. 460, 463-464 (1965)).) Cf. 380 U.S. at 462 n. 1 (noting that the "goal" of the Federal Rules' service provision was "actual notice"). The argument that a defendant's actual notice of a suit obviates the need for service, pursuant to Rule 4, has been consistently rejected. Albra v. Advan, Inc., 490 F3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) ("If a defendant receives mail service [i.e., a request to waive personal service pursuant to former Rule 4(c)(2)(C), current Rule 4(d)], but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement."), superseded in part by rule as stated in Horenkamp v. Van Winkle 7 Co., Inc., 402 F.3d 1129, 1132 n. 2 (11th Cir. 2005); Datskow v. Teledyne, Inc. Continental Prods. Div., 899 F.2d 1298, 1302-03 (2d Cir. 1990)

---

[2] Liberally construed, Griffin's Objection points out that Hanna precludes the reliance on state law to determine the sufficiency of service. See 380 U.S. at 463-64. However, as discussed below, the Magistrate did not apply state law directly, he only applied it to the extent that it is incorporated into the Federal Rules. See Fed. R. Civ. P. 4(e)(1).

("Though plaintiffs' mailing of the summons and complaint provided notice to the defendant, it did not constitute proper service that permits the exercise of personal jurisdiction."); Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) ("[T]he fact that [the defendant] may have had actual notice of the pending suit does not excuse [the plaintiff's] defectively executed service."); Garvich v. Georgia, 2022 WL 1531701, at *1 (11th Cir. May 16, 2022) (same). It is clear, therefore, that the Magistrate Judge did not err in concluding that Plaintiff failed to effect service, under Rule 4, by certified mail.[3]

The Magistrate Judge further explained that, pursuant to Rule 4(e)(1), service by certified mail might be effective if authorized under the applicable state law. (Doc. 15, p. 3-4.) Griffin objects that the "Federal Rules of Civil Procedure determines proper service . . . ." (Doc. 16 at 11.) While she is correct about the application of the Federal Rules, in these circumstances they incorporate state laws by reference. See, e.g., J.M. by and Through Mata v. Tenn. Dept. of Ed., 358 F. Supp. 3d 736, 745 (M.D. Tenn. 2018) (referring to Rule 4(e)(1) as an example, and explaining that "[i]ncorporating state standards by description, rather than enumeration, is not only ordinary practice, but is also the most practical course of action in most cases . . . ."). Rule 4(e)(1)

---

[3] Griffin's Objection also suggests that the Magistrate Judge's analysis of the sufficiency of service amounted to his assertion of a defense on defendants' behalf. (See doc. 16, p. 8.) Her Objection confuses the Magistrate Judge's application of her burden as a movant seeking default and available defenses, under Federal Rule 12. "Judgments by default[,]" and, by extension the entries of default which precede them, "are not generally favored; and as a general proposition, any doubts should be resolved in favor of permitting a hearing on the merits." Patel v. Baileys BP Shoppes, LLC, 2020 WL 10459813, at *1 (N.D. Ga. Oct. 26, 2020) (internal quotation marks, alterations, and citations omitted). The burden on such a motion is clearly upon the movant, in this case, Griffin. See, e.g., United States v. Hampton, 2019 WL 13203770, at *1 (N.D. Fla. Oct. 7, 2019) ("A plaintiff requesting an entry of default bears the burden of establishing effective service."). By contrast, valid assertion of the defenses under Rule 12, including lack of personal jurisdiction and insufficient service of process, would result in dismissal of a plaintiff's case. See Packard v. Temenos Advisory, Inc., 159 F. Supp. 3d 1344, 1355 (S.D. Ga. 2016) (Wood, C.J.) ("[T]he defendant may respond to the Complaint by moving for its dismissal based on a lack of personal jurisdiction or insufficient service of process." (citing Fed. R. Civ. P. 12(b)(2), (5)). Although sufficiency of service is at issue in both inquiries, they are completely distinct and there is no suggestion that the Order and Report and Recommendation undertook any analysis other than the one required to dispose of Griffin's request, whether it was for entry of default or a default judgment. (See generally doc. 15.)

incorporates the rules for service "in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Since this Court is located in Georgia and Griffin attempted service in South Carolina and Florida, the Magistrate Judge correctly considered whether service by certified mail is authorized under the laws of South Carolina, Florida, or Georgia." (Doc. 15, p. 4.)

Griffin's Objection disputes only the Magistrate Judge's consideration of South Carolina, Georgia, and Florida law as inapplicable. (Doc. 16, pp. 14-15.) As discussed above, that objection is mistaken. She does not dispute, nor can the Court discern any error, in the Magistrate Judge's analysis of the relevant states' service provisions. (See doc. 15, pp. 4-6.) The Magistrate Judge's conclusion that Griffin failed to show proper service, and thus failed to show that either defendant failed to plead or otherwise defend pursuant to Rule 55(a), and was therefore not entitled to entry of default, was not clear error. Griffin's request for an entry of default, pursuant to Rule 55(a), therefore, stands **DENIED**. Doc. 10; see also, e.g., Asskia v. Nelson, 2021 WL 6063960, at *1 (N.D. Ga. Dec. 22, 2021) ("If . . . the plaintiff has failed to properly serve the defendant with process, the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond[,]" and collecting cases). For the same reason, to the extent that Griffin seeks a default judgment, the Report and Recommendation is **ADOPTED, in part**, (doc. 15, p. 8), and her Motion is **DENIED**. (Doc. 13); see also, e.g., Sholes v. Anesthesia Dept., 2020 WL 1492175, at *2 (S.D. Ga. Mar. 23, 2020) (Hall, C.J.) ("A defendant's obligation to respond does not arise until he has been served with the summons and complaint or has waived service. [Cit.] Therefore, default is not available against a party who has not been properly served with process." (internal quotation marks, alterations, and citation omitted)). As the Magistrate Judge noted, since Rule 4(m)'s ninety-day period has not expired, Griffin "is . . . free to renew her request for entry of default [or

7

default judgment] if she believes she can make the proper showing[,]" that service has been effected.  (Doc. 15, p. 6.)

The Magistrate Judge also recommended that Griffin's requests for preliminary injunctive relief be denied.  (Doc. 15, pp. 9-11.)  Griffin objects to that recommendation.  (See doc. 16, pp. 22-26.)  The Court might proceed to consider those objections, but her filing of an Amended Complaint and a renewed motion for preliminary equitable relief, (docs. 17, 18 & 19), render those recommendations moot.  Plaintiff is entitled to file her Amended Complaint as a matter of course. See Fed. R. Civ. P. 15(a).  "It is settled law that an amended complaint supersedes the original complaint and renders it of no legal effect."  Jefferson v. H.K. Porter Co., 485 F. Supp. 356, 359 (N.D. Ala. 1980).  Moreover, the Magistrate Judge considered her earlier requests as seeking, specifically, a preliminary injunction.  (See doc. 15 at 9-11.)  Griffin's subsequent filings make clear that, in addition to preliminary and permanent injunctive relief, she seeks a temporary restraining order, and seeks that it be issued without notice, pursuant to Rule 65(b).  (See doc. 19.) The Court, therefore, **DECLINES TO ADOPT, in part**, the Report and Recommendation to the extent it recommended denial of Griffin's requests for preliminary injunctive relief.  (Doc. 15.) Griffin's prior requests for preliminary injunctive relief are, however, subsumed by her most recent requests.  To the extent that her prior filings requested such relief, those requests are **DISMISSED** as moot.  (Doc. 13, in part.)

Before the Court takes up the merits of Griffin's motions for injunctive relief or a temporary restraining order, a foundational issue must be addressed.  As the Magistrate Judge noted, "it is dubious whether this Court has subject-matter jurisdiction over a child-custody dispute."  (Doc. 15, pp. 10-11 (citing Arkenbrandt v. Richards, 504 U.S. 689, 703 (1992)). Griffin's motions make clear that the relief she seeks, whether as a permanent or preliminary

8

injunction or a temporary restraining order, is custody of her minor child.  (See doc. 18, p. 30; doc. 19, pp. 8-9.)  Before this Court will—or, indeed, could—take any action on those requests, Griffin must establish that this Court has subject-matter jurisdiction.  See, e.g., Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." (internal citation and quotes omitted)); Herskowitz v. Reid, 187 F. App'x 911, 912-13 (11th Cir. 2006) ("[T]he district court, acting *sua sponte*, may address the issue of subject matter jurisdiction at any time . . . .").  It also appears that the subject matter jurisdiction must be established claim by claim, not based on the action as a whole.  See, e.g., United States ex rel. Boothe v. Sun Healthcare Grp., Inc., 496 F.3d 1169, 1176 (10th Cir. 2007) (Gorsuch, J.) ("[W]e hold that district courts should assess jurisdiction on a claim-by-claim basis . . .[,]" because "[t]his is . . . how federal courts traditionally assess challenges to their jurisdiction under Fed. R. Civ. P. 12(b)(1).").  For purposes of this Order only, the Court assumes that Griffin's allegations concerning its jurisdiction over her claims for damages are sufficient.  However, before considering the merits of her requests for equitable relief, it must establish that it has jurisdiction over those requests.  See, e.g., Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

"Federal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and Plaintiff bears the burden to establish jurisdiction.  See Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting

9

diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting Taylor v. Appelton, 30 F.3d 1365, 1367 (11th Cir. 1994))). The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)). In order to establish diversity jurisdiction, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although Griffin's Amended Complaint alleges that the prerequisites for diversity jurisdiction are met, (see doc. 17, p. 3), as discussed below, such jurisdiction is more complicated in the context of her requested injunctive relief.

Griffin's Amended Complaint asserts that this Court has jurisdiction pursuant to § 1331. (See doc. 17, p. 3.) The precise statutory or constitutional basis for that assertion is not entirely clear. (See, e.g., id., p. 2 (asserting that her action "arises under Article 3, § 2 of the United States Constitution); see also U.S. Const. art III, § 2 (establishing "[t]he judicial power" of the federal courts). Griffin's motions for preliminary equitable relief allege that defendants' actions amount to "parental[ ]kidnapping." (See doc. 18, p. 6; doc. 19 at 5.) While Griffin does not cite it, there is a federal statute governing interstate custody disputes, known as the Parental Kidnapping Prevention Act. See 28 U.S.C. § 1738A. However, the Supreme Court has held that "[b]ecause Congress' chief aim in enacting the [Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A] was to extend the requirements of the Full Faith and Credit Clause to custody determinations, the Act

10

is most naturally construed to furnish a rule of decision for courts to use in adjudicating custody disputes and not to create an entirely new cause of action." Thompson v. Thompson, 484 U.S. 174, 183 (1988). Moreover, other federal courts have found that they lack subject matter jurisdiction over interstate kidnapping claims, based on either federal question jurisdiction or diversity jurisdiction. See, e.g., Dennison v. Whitten Stowers, 2022 WL 2918327, at *1-*2 (E.D. Cal. July 25, 2022). Cf. Rogers v. Platt, 814 F.2d 683 (D.C. Cir. 1987) (discussing jurisdictional issues raised by § 1738A). The Eleventh Circuit, however, has held that district courts may exercise subject matter jurisdiction under § 1738A. See McDougald v. Jenson, 786 F.2d 1465, 1474-75 (11th Cir. 1986). However, McDougald recognized jurisdiction over "an action seeking an authoritative federal construction of section 1738A to resolve a conflict concerning the validity of conflicting state court custody orders . . . ." Id. at 1475 (emphasis added). Nothing in Griffin's pleadings suggests that such "conflicting state court custody orders" exist. (See generally docs. 18 & 19.)

In the absence of jurisdiction under McDougald, this Court's subject matter jurisdiction over child custody disputes—even interstate custody disputes—is limited, at best. See, e.g., Ingram v. Hayes, 866 F.2d 368, 369-70 (11th Cir. 1988); Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1146 (11th Cir. 2019). Ankenbrandt stated succinctly "the domestic relations exception . . . divests federal courts of power to issue . . . child custody decrees." 504 U.S. at 703. Despite Ankenbradt's definitive statement, the situation is more complex. The Eleventh Circuit has recognized that:

> The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. [Cit.] As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.

Ingram, 866 F.2d at 369.  "The domestic relations exception, however, does not justify abstention in all diversity cases involving intra-family disputes."  Id. at 369-70.  Abstention may not be proper "when the following policies favoring federal abstention are absent: the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts."  Id.  Moreover, the domestic relations exception's application is restricted to diversity jurisdiction.  See id. at 370-71 (citing McDougald, 786 F.2d at 1489).

The Court is unable to reach a conclusion on whether jurisdiction exists over Griffin's requested injunctive relief, and, even if it does, whether the abstention principles articulated in Ingram would require dismissal notwithstanding jurisdiction.  Griffin is, therefore, **DIRECTED** to respond to this Order within thirty days and **SHOW CAUSE** why this Court may exercise subject matter jurisdiction to issue her requested injunctive relief, whether as a preliminary or permanent injunction or a temporary restraining order.

In summary, the Court **ADOPTS, in part**, and **DECLINES TO ADOPT, in part**, the Magistrate Judge's Report and Recommendation.  (Doc. 15.)  Griffin's Motion for Entry of Default stands **DENIED**.  (Doc. 10.)  To the extent that she requests default judgment, that request is **DENIED**.  (Doc. 13, in part.)  The Clerk is **DIRECTED** to **TERMINATE** her prior requests for injunctive relief, (docs. 1 & 13), as superseded by her most-recent requests, (docs. 18 & 19).  Griffin is **DIRECTED** to respond to this Order within thirty days and **SHOW CAUSE** why the Court has subject matter jurisdiction over her requests for injunctive relief.  Finally, Griffin is advised that she remains responsible for effecting service upon the defendants.  See Fed. R. Civ. P. 4(c)(1).  Although "[t]he ninety-day deadline imposed by Rule 4(m) does not restart by

filing an amended complaint . . . ,'" Gray v. Equifax Information Servs., LLC, 2021 WL 1292695, at *2 (S.D. Fla. Feb. 5, 2021) (citations omitted), Griffin remains free to seek an extension under the Rule, see Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve within ninety days], the court must extend the time for service for an appropriate period.").

**SO ORDERED**, this 9th day of January, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA