IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALANDRIS D. GRIFFIN,

  Plaintiff,

  v.

ANGELA M. PHILIPS, and JOSEPH M. WYLIE, JR.,

  Defendants.

CIVIL ACTION NO.: 4:22-cv-268

**O R D E R**

  Plaintiff Alandris D. Griffin, proceeding *pro se*, filed this case, originally alleging what the Court construed as contract and tort claims against Defendants Philips and Wylie arising from a contentious child-custody dispute. (See doc. 20, p. 1.)  The Court previously noted that the relationship of her claims against those defendants to a child-custody dispute calls into question whether this Court may exercise subject matter jurisdiction over them.  (Id., pp. 8-12.)  The Court directed her to respond and explain the basis for this Court's jurisdiction.  (Id., p. 12.)  She responded to that instruction, to some extent.  (See doc. 26, p. 15 ("Plaintiff is not clear on what the Court is asking, specifically for providing a basis for subject-matter jurisdiction . . . .").)  Several days after filing that response, Griffin filed a Second Amended Complaint.  (Doc. 27.)  That pleading vastly expanded the scope of her claims, as discussed below.  (Compare doc. 17, with doc. 27.)  Multiple defendants added in the Second Amended Complaint moved to dismiss it.  (Docs. 35 & 36.)  Griffin did not respond to those motions, but filed a Third Amended Complaint.  (See generally docket; see also doc. 46.)  Several defendants moved to strike that

pleading. (Doc. 48.) Griffin opposes. (Doc. 50.) Also before the Court are several motions related to Griffin's First Amended Complaint. (Docs. 18, 19, 22 & 25.)

Before the Court can evaluate its jurisdiction, or any of the pending motions, it must determine which of Griffin's multiple pleadings is operative. Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading <u>once</u> as a matter of course . . . ," within a limited period specified in the Rule. Fed. R. Civ. P. 15(a)(1) (emphasis added). "<u>In all other cases</u>, a party may amend its pleading <u>only</u> with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). To be sure, leave to amend is "freely given," Fed. R. Civ. P. 15(a)(2); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), but it is necessary. As a prominent treatise has summarized: "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." 6 Mary Kay Kane, Federal Practice & Procedure § 1484 (3d ed. April 2023); <u>see also, e.g.</u>, <u>Hoover v. Blue Cross & Blue Shield of Ala.</u>, 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting Wright & Miller). The treatise, and <u>Hoover</u>, recognize that a "pleading served without judicial permission may be considered as properly introduced when leave to amend <u>would have been granted had it been sought</u> and when it does not appear that any of the parties will be prejudiced by allowing the change." <u>Hoover</u>, 855 F.2d at 1544 (emphasis in original) (internal quotation marks and citation omitted). It is also clear that the Federal Rules' requirements apply equally to <u>pro se</u> parties, like Griffin. <u>See, e.g.</u>, <u>Moon v. Newsom</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Since Griffin had already amended her Complaint once, as a matter of course, (see doc. 17), both of her subsequently filed amendments, (docs. 27 & 46), required the Court's leave or the opposing parties' consent.   There is no indication that any party, much less all parties, consented to either amendment and Griffin did not receive the Court's leave prior to filing any of her amendments.[1]   Pursuant to Hoover, therefore, the Second and Third Amended Complaints are nullities, unless the Court concludes that leave to amend would have been granted, had it been sought.   Hoover, 855 F.2d at 1544 ("[T]he district court acted properly in treating [plaintiff's] supplemental pleading as a nullity, particularly since it was inclined to deny any motion for leave to amend that [plaintiff] might have filed.").   Since, as discussed below, Griffin's Second and Third Amended Complaints are both fatally defective "shotgun pleadings," the Court would not have granted leave to file them.

Shotgun pleadings are pleadings that violate either Federal Rule of Procedure 8(a)(2) or Rule 10(b).   Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations omitted).   The Court may do so *sua sponte*.   U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader.").

---

[1] Griffin's response to the Court's prior Order states her intent to "amend her complaint in accordance with Rule 15, as it relates to new claims, add or drop parties, misstatements or other harmless errors," (doc. 26, p. 3), but she never received the Court's leave.   Including requests to amend in other pleadings, without attaching the proposed amended pleading, is improper.   See, e.g., Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within [a] . . . memorandum, the issue has not been raised properly." (internal quotation marks and citation omitted)).

The Eleventh Circuit Court of Appeals has identified "four rough types" of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Both Griffin's Second and Third Amended Complaint are clearly shotgun pleadings. The Second Amended Complaint begins by incorporating by reference 127 paragraphs of her First Amended Complaint. (Doc. 27, p. 4, 23.) She then incorporates additional material by reference, apparently including the previous incorporations by reference. (Id., p. 24.) Some of the incorporations refer to allegations made in motions. (Id., p. 25, ¶ 65 ("Plaintiff adopts by reference and incorporates, here within, the factual allegations as set forth in Plaintiff's Request for Entry of Default, Motion for Default Judgment and Motion to Proceed Ex parte.").) Some of the incorporations by reference are piecemeal. (Id., p. 28 ("Plaintiff adopts and incorporates here within, the factual allegations as set forth in paragraphs 67-78 above.").  Her statement of her claims for relief both adopt all the allegations of the preceding counts and assert claims against multiple defendants without specifying which defendant is allegedly responsible for which acts or omissions. (See, e.g., id., p. 36, ¶ 114 ("All defendants are sued under § 1983 for First, Fourth, Fifth, Eight [sic], Thirteenth and Fourteenth Amendments, specifically for their intentional,

4

purposeful, willful, malicious and reckless acts or omissions . . . ."), p. 41, ¶ 116 ("Plaintiff adopts by reference and incorporates here within, the factual allegations as set forth in paragraphs 1-115 above"); ¶. 117 ("Defendant public servants deprived Plaintiff of her legal and constitutional rights because she is unwed or unmarried African American, black female from the State of Georgia."), p. 46 ¶ 138 ("Plaintiff adopts by reference and incorporates here within, the factual allegations as set forth in paragraphs 1-137 above.").)  Her Third Amended Complaint includes identical defects.  (See, e.g., doc. 46, p. 4, ¶ 14 ("Plaintiff adopts by reference and incorporates here within the factual allegations as set forth within Plaintiff's Second Amended Complaint and Request for Injunction as provided in paragraphs 1-141 and attached Exhibits . . . ."), p. 32, ¶ 68 ("Plaintiff adopts by reference and incorporates, here within, the factual allegations as set forth in Plaintiff's First Amended Complaint and Request for Injunction paragraphs 1-127," except for a partial "misstatement," Plaintiff corrects); ¶ 69 (Plaintiff adopts by reference and incorporates the factual allegations within as set forth in paragraphs 1-67 above."); p. 57, ¶ 152 ("Plaintiff adopts by reference and incorporates here within, the factual allegations as set forth in paragraphs 1-151 above.").)  Given that both the Second and Third Amended Complaints are impermissible shotgun pleadings, the Court would have denied Griffin leave to amend had she sought it.[2]

Accordingly, as explained above, Griffin's Second and Third Amended Complaints are "nullit[ies]."  Hoover, 855 F.2d at 1544.  Since Griffin could not file either without the opposing parties' consent or the Court's leave, neither of which she obtained, and the Court would not have

---

[2]   The Eleventh Circuit has made it clear that pro se parties are prohibited from filing shotgun pleadings, notwithstanding the liberal construction afforded to their pleadings.  See, e.g., Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (explaining, though pro se pleadings are liberally construed, "[n]evertheless, we have little tolerance for shotgun pleadings." (internal quotation marks and citations omitted)); Gendron v. Connelly, 2023 WL 3376577, at *2 (11th Cir. May 11, 2023) ("[A]though [plaintiff] was proceeding *pro se*, it was well within the district court's discretion to dismiss the amended complaint as a shotgun pleading.").

granted her leave had she sought it, they are both "without legal effect and any new matter [they] contain[ ] will not be considered . . . ." Id. (internal quotation marks, citation, and emphasis omitted). Since the only parties named in Griffin's last valid pleading, her First Amended Complaint, were Defendants Phillips and Wylie, no claim has been properly asserted against any other defendant. Accordingly, the Clerk is **DIRECTED** to **TERMINATE** Defendants King, Rhone, Little Journey Preschool, White, Taylor, the State of Tennessee, Governor William Byron Lee, the Tennessee Department of Children's Services, Quinn, Patterson, Dinkins, the City of La Vergne, Tennessee, Joyner, McKenna, Davis, Bean, Duenez, Darby, Crofts, Wreed-Walton, the Metropolitan Nashville Police Department, Snyder, Cronin, Drake, the La Vergne Police Department, O'Neil, Morgan, Stewart, Glaspie, Matthews, Asplaugh, Skrmetti, and John Doe 1-99. The Motions filed by those defendants are **DISMISSED** as moot. (Docs. 35, 36 & 48.)

As discussed above, it is clear that Plaintiff's First Amended Complaint remains the operative pleading in this case. The Court might, therefore, proceed to consider the merits of her motions related to that pleading. (See docs. 18, 19, 22 & 25.) Resolving those motions, in turn, would require the Court to determine whether Griffin's First Amended Complaint and response to the Court's show-cause Order were sufficient to establish its subject matter jurisdiction. (See doc. 20, pp. 8-12; see also generally doc. 26 (including no discussion of the "domestic relations exception," discussed in the Court's Order)). Given Plaintiff's clear statement that she intended to address the jurisdictional questions concerning her First Amended Complaint by amendment, (see doc. 26, p. 3 ("Plaintiff will amend her complaint in accordance with Rule 15, as it relates to new claims, add or drop parties, misstatements or other harmless errors, that will moot the Court's order."), and because pro se plaintiffs are generally afforded at least one opportunity to correct shotgun pleadings, see, e.g., Vibe Micro, Inc., 878 F.3d at 1295, the Court will defer ruling on

those Motions until Griffin has had an opportunity to address the problems. The Clerk is **DIRECTED** to **TERMINATE** those motions, pending Griffin's compliance with the instructions discussed below. (Docs. 18, 19, 22, & 25.)

To clarify whether she wishes to proceed on her First Amended Complaint or seek an amendment, Griffin is **DIRECTED** to move to amend her First Amended Complaint within thirty days of the date of this Order. Griffin's Motion to Amend must attach her proposed amended complaint. The Court will consider whether amendment is proper, and direct the filing of the proposed amended complaint, if appropriate. In that regard, Griffin is advised that her proposed amended complaint should "(1) contain a separate count for each claim with a factual basis for that claim only; (2) including headings for each count identifying the specific defendant(s) against whom the claim was asserted and the statute or law under which the claim was brought; and (3) avoid conclusory statements . . . ." Gendron, 2023 WL 3376577, at *2. In addition, the proposed amended complaint should be complete in itself as this Court "cannot serve as de facto counsel for a party, or rewrite an otherwise deficient pleading in order to sustain an action." Weil v. Phillips, 816 F. App'x 339, 339 (11th Cir. 2020) (internal quotation marks, alterations, and citation omitted). Griffin should not, however, consider those requirements as exhaustive; her proposed amended complaint must comply with all the applicable requirements. Cf., e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, [cit.], and the burden of establishing the contrary rests upon the party asserting jurisdiction, [cit.]" (citations omitted)). Alternatively, Griffin may file a notice that indicates her intention to proceed on the claims asserted in her First Amended Complaint. If she does so, the Court will take up the motions related to that pleading and address the jurisdictional issues, as appropriate. (Docs. 18, 19, 22 & 25.) Griffin is advised that failure

to comply timely with the Court's instructions may result in the dismissal of her case.  Fed. R. Civ. P. 41(b).

    **SO ORDERED**, this 20th day of September, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA